# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>MARCO ANTONIO CABALLERO,<br><br>　　　　　　　　　　Defendant. | CASE NO. 10CR5114WQH<br>CASE NO. 11CV1811WQH<br><br>ORDER |

HAYES, Judge:

　　　The matter before the Court is the motion for time reduction by an inmate in federal custody under 28 U.S.C. § 2255. (ECF No. 39). Defendant moves the court to modify his sentence on the grounds that he cannot be housed in a minimum security facility or community corrections center based upon his deportation status. The Court finds that the issues raised in the petition are appropriate for summary disposition.

## APPLICABLE LAW

　　　28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." A district court must

1  summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached
2  exhibits, and the record of prior proceedings that the moving party is not entitled to relief."
3  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts.
4  When this standard is satisfied, neither a hearing nor a response from the government is
5  required.  *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

## RULING OF THE COURT

In this case, the record conclusively shows that the Defendant has waived his right to bring a motion for reduction of his sentence under § 2255 in the plea agreement. The plea agreement stated in relevant part as follows:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this plea agreement at the time of the sentencing or the statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If the defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived. If defendant breaches this plea agreement, at any time, by appealing or collaterally attacking the conviction or sentence, in any way, the Government may prosecute defendant for any counts, including those with mandatory minimum sentence, dismissed or not charged pursuant to this plea agreement. Additionally, the Government may use any factual admissions made by defendant pursuant to this plea agreement in any prosecution."

(ECF No. 28 at 3.) Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to file a § 2255 petition challenging the length of his sentence. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.) *cert. denied*, 508 U.S. 979 (1993). Defendant's waiver of collateral attack upon the sentence is clear, express and unequivocal. Defendant waived his right to collaterally attack his sentence in a 2255 proceeding, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this plea agreement at the time of the sentencing or the statutory mandatory minimum term, if applicable. Defendant received a sentence of 30 months which

1  is not above the high end of the guideline range recommended by the Government pursuant
2  to this plea agreement at the time of the sentencing (37-46 months). There is no statutory
3  mandatory minimum term applicable in this case. Therefore, the Defendant waived his right
4  to collaterally attack the sentence in the plea agreement.

5  Even if there was no waiver of collateral attack, the Court of Appeals for the Ninth
6  Circuit has rejected the assertion that an alien's equal protection rights are violated when he
7  cannot be housed in a minimum security facility or a community correction center based upon
8  his deportation status. *See McClean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999). The
9  Court concludes that "it plainly appears from the motion, any attached exhibits, and the record
10 of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules
11 Governing Section 2255 Proceedings.

12 IT IS HEREBY ORDERED that the Motion for time reduction by an inmate in federal
13 custody under 28 U.S.C. § 2255 (ECF No. 39) filed by Defendant is denied.

14 DATED: August 23, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge